UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Jimmy Campbell, Jr., # 274477, ) **C/A No. 2:11-1047-TLW-BHH**
 )
     Petitioner, )
 )
vs. )
 ) **Report and Recommendation**
~~Kershaw Correctional Inst.;~~ )
~~Fairfield County~~, )
Cecilia Reynolds, *Warden of the Kershaw Correctional*)
*Institution*, )
 )
     Respondents. )
_____

### *Background of this Case*

Petitioner is an inmate at the Kershaw Correctional Institution.  According to the South Carolina Department of Corrections website (www.doc.sc.gov), Petitioner is serving a twenty-year sentence for first-degree burglary (Indictment No. 01-GS-20-0054). Petitioner's conviction was entered in the Court of General Sessions for Fairfield County on April 11, 2001, pursuant to a jury's verdict.  Petitioner's conviction was affirmed on direct appeal by the South Carolina Court of Appeals on August 28, 2002, in Unpublished Opinion No. 2002-UP-533.  Petitioner filed an application for post-conviction relief (Case No. 2003-CP-20-00454) on December 2, 2003.  The Court of Common Pleas denied relief.  The Supreme Court of South Carolina denied certiorari in the post-conviction case on November 16, 2005.

1

Petitioner raises four (4) grounds in this case.  Those grounds are: *(I)* Petitioner was not given a preliminary hearing; *(II)* Petitioner's rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated during his trial and appeal; *(III)* Petitioner's conviction represented a fundamental miscarriage of justice, prejudice, and a violation of federal law; and *(IV)* the Grand Jury had no jurisdiction to indict Petitioner because no preliminary hearing had been held.  Petitioner has also submitted a nineteen-page brief (ECF No. 1-1).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70,

2

74 (2nd Cir. 1975). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his conviction, Petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required under 28 U.S.C. § 2241). Although Petitioner has exhausted his state court remedies, he has, in the case at bar, submitted a successive habeas corpus petition.

In *Jimmy Campbell v. Warden, Broad River Correctional Institution, et al.*, Civil Action No. 8:06-2643-TLW-BHH, Petitioner on September 25, 2006, brought a habeas corpus action pursuant to 28 U.S.C. § 2254. After the undersigned authorized service of the petition and granted two extensions of time, the respondents in Civil Action No. 8:06-2643-TLW-BHH on January 22, 2007, filed a return, memorandum, and motion for summary judgment. On the same day, the undersigned issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Petitioner responded to the *Roseboro* order and filed his own motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 8:06-2643-TLW-BHH on May 21, 2007, the undersigned recommended that the respondents' motion for summary judgment be granted and that Petitioner's motion for summary judgment be denied. The

3

parties in Civil Action No. 8:06-2643-TLW-BHH were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so.  Petitioner filed objections on June 6, 2007.

In an Order filed in Civil Action No. 8:06-2643-TLW-BHH on September 24, 2007, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation.  *Campbell v. Warden of Broad River Correctional Inst.*, Civil Action No. 8:06-2643-TLW-BHH, 2007 WL 2792188 (D.S.C. Sept. 24, 2007).  Petitioner's subsequent appeal in Civil Action No. 8:06-2643-TLW-BHH  (Fourth Circuit Docket No. 07-7479) was not successful.  On February 28, 2008, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and denied a Certificate of Appealability.  *Jimmy Campbell v. Warden, Broad River Correctional Institution*, No. 07-7479, 268 Fed.Appx. 215, 2008 WL 636470 (4th Cir. Feb. 28, 2008), *cert. denied*, *Campbell v. Reynolds*, 172 L.Ed.2d 203, 129 S.Ct. 275 (2008).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits).  *See also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA).  Since Civil Action No. 8:06-2643-TLW-BHH was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 2:11-1047-TLW-BHH) is successive.

This court may take judicial notice of Civil Action No. 8:06-2643-TLW-BHH.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most

frequent use of judicial notice is in noticing the content of court records.'"); and *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).   *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

There is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case.  Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").  Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).  Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia

5

23219-3517).  *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003).  The form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244."

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a post-conviction petition is issued.  *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an answer or return*.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 4, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).